1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA
9
10   HAROLD JOHN SCHELL,                    Case No.   1:20-cv-01737-NONE-EPG
11                  Plaintiff,
12         v.                               ORDER GRANTING, IN PART, MOTION
                                            FOR PROTECTIVE ORDER AND REQUEST
13   UNITED STATES OF AMERICA, et al.,      FOR EXPENSES
14                  Defendants.             (ECF No. 60)
15
16
          This matter is before the Court on Silver Lake Resort, LLC's (Defendant) motion for
17
18 protective order and request for expenses, filed on November 12, 2021. (ECF No. 60). Harold

   John Schell (Plaintiff) filed an opposition on November 19, 2021, and Defendant filed its reply on
19
20 November 24, 2021. On December 3, 2021, the Court held a hearing on the motion, afterwards

21 granting the motion, in part, and taking the remainder of the motion under advisement. The Court

22 now issues this order to confirm its ruling made on the record and to address the parts of the

   motion taken under advisement.
23
   **I.      BACKGROUND**
24
          Plaintiff's complaint alleges that while he was a guest at Silver Lake Resort, he fell and
25
26 broke his neck while trying to traverse a poorly maintained walkway. (ECF No. 3). Defendant

   denies it could be liable because it claims to lack control over this walkway.
27
          On September 22, 2021, the court held an informal telephonic dispute conference, hearing
28

                                               1

1   a dispute between Defendant and Plaintiff regarding persons, including Alisa Jones, who could

2   properly be deposed regarding their knowledge of Defendant's operations. (ECF Nos. 53, 54, 56).

3   After the conference, the Court permitted the parties to file appropriate motions regarding the

4   issues discussed.

5          Thereafter, Defendant filed the instant motion, arguing that Plaintiff was improperly

6   seeking to depose Alisa Jones despite her having no personal knowledge of the incident at issue

7   and despite Plaintiff already having deposed Defendant's designee, Andrew Jones, under Federal

8   Rule of Civil Procedure 30(b)(6). (ECF No. 60, p. 7). Defendant also argued that Plaintiff was

9   improperly seeking to depose a Rule 30(b)(6) designee of Parker House, an entity affiliated with

10  but separate from Defendant, although Andrew Jones had already testified about Parker House in

11  his deposition relating to Defendant's operations, which essentially amounted to Plaintiff trying to

12  depose Andrew Jones twice. (*Id.* at 9). Citing Rules 26(c)(1)(A) and FRCP 30(a)(2)(A)(ii),

13  Defendant moves for an order forbidding the deposition of Alisa Jones and the Rule 30(b)(6)

14  designee of Parker House, or, alternatively, that the Court order that a declaration be provided by

15  Alisa Jones under Rule 26(c)(1)(C). Lastly, citing Rule 37(a)(5), Defendant seeks $4,275.00 in

16  expenses. (*Id.* at 10).

17  **II.     LEGAL STANDARDS**

18         As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter

19  that is relevant to any party's claim or defense and proportional to the needs of the case,

20  considering the importance of the issues at stake in the action, the amount in controversy, the

21  parties' relative access to relevant information, the parties' resources, the importance of the

22  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

23  outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Moreover, under Rule 26(c)(1), "[t]he

24  court may, for good cause, issue an order to protect a party or person from annoyance,

25  embarrassment, oppression, or undue burden or expense." Under this Rule, "[t]he party opposing

26  disclosure," Defendant in this case, has the burden of showing good cause. *In re Roman Cath.*

27  *Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). "For good cause to exist,

28  the party seeking protection bears the burden of showing specific prejudice or harm will result if

1    no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d

2    1206, 1210–12 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476)

3    (9th Cir. 1992)). In granting a protective order, the Court has a variety of options available to it,

4    including "forbidding the disclosure or discovery" and "prescribing a discovery method other

5    than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(A), (C).

6          Under Rule 37(a)(5)(a), "[i]f the motion [for protective order is] granted[,] . . . the court

7    must, after giving an opportunity to be heard, require the party or deponent whose conduct

8    necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

9    reasonable expenses incurred in making the motion, including attorney's fees."[1] However, "the

10   court must not order this payment if: (i) the movant filed the motion before attempting in good

11   faith to obtain the disclosure or discovery without court action; (ii) the opposing party's

12   nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make

13   an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(a)(i)-(iii). The losing party has "the burden

14   to demonstrate the failure was substantially justified or that the award of fees would be unjust."

15   *Raygoza v. City of Fresno*, 297 F.R.D. 603, 608 (E.D. Cal. 2014).

16         In assessing the reasonableness of an award of attorneys' fees, the Court looks to the

17   lodestar method for guidance. *Maric v. Alvarado*, No. 1:12-cv-00102-SKO, 2019 WL 2615749, at

18   *5 (E.D. Cal. June 26, 2019) ("In the context of fees awarded pursuant to Rule 37(a)(5), the Court

19   looks to the lodestar factors only for guidance when deciding the amount of attorney's fees

20   arising from the Motion."). The lodestar figure is calculated by multiplying the number of hours

21   reasonably expended on the litigation by a reasonable hourly rate. *Gonzalez v. City of Maywood*,

22   729 F.3d 1196, 1202 (9th Cir. 2013).

23   **III.    ANALYSIS**

24         **1.    Deposition of Alisa Jones**

25         At the hearing on December 3, 2021, the Court addressed the motion for protective order

26   _____

27   [1] While Rule 37(a)'s language concerns motions "for an order compelling disclosure or discovery," this
     Rule also applies to protective orders under Rule 26(c)(3). *See Youngevity Int'l, Corp. v. Smith*, No. 16-
     CV-704 BTM (JLB), 2017 WL 4777318, at *9 (S.D. Cal. Oct. 23, 2017) ("Rule 26(c)(3) provides that

28   Rule 37(a)(5) applies to the award of expenses when a protective order is issued.").

1    concerning Plaintiff's desire to depose Alisa Jones. For the reasons discussed on the record, the

2    Court confirms its oral ruling as follows: Defendant's motion for protective order is granted to the

3    extent that the Court prohibits, at this time, Plaintiff from deposing Alisa Jones. Rather, as

4    detailed in this Court's December 3, 2021 minute order, Plaintiff is limited to serving

5    interrogatories directed to Alisa Jones and, after reviewing the responses, may only then seek

6    permission to depose her by initiating an informal discovery dispute conference. (*See* ECF No.

7    64).

8              **2.       Deposition of Rule 30(b)(6) designee for Parker House**

9              At the hearing, the Court took under advisement the issue of Plaintiff's desire to depose a

10   Rule 30(b)(6) designee for Parker House. Defendant argues that Plaintiff's desire to depose a

11   Rule 30(b)(6) designee for Parker House is a "thinly veiled effort to depose Andrew Jones twice"

12   in violation of Rule 30(a)(2)(A)(ii)[2] and that Andrew Jones already provided the information

13   Plaintiff seeks when he was deposed as the Rule 30(b)(6) designee for Defendant. (ECF No. 60,

14   p. 9). Plaintiff's opposition does not specifically identify a basis to depose the Rule 30(b)(6)

15   designee for Parker House, a non-party, but, at the hearing, counsel generally argued that

16   conducting such a deposition may reveal some liability for Plaintiff's claims. (*See* ECF No. 62).

17             The Court concludes that Defendant has met its burden of showing that specific harm will

18   result if no protective order is granted. Notably, defense counsel stated that preparing for and

19   defending the requested deposition would result in hours of work and obtaining a transcript of the

20   deposition could cost approximately $2000. Considering that Plaintiff's opposition failed to

21   identify any relevance of a Parker House deposition under Rule 30(b)(6), and only stated during

22   oral argument that perhaps information would arise to form a basis for liability of this non-

23   defendant, and that Andrew Jones has already answered questions relating to Parker House, the

24   Court concludes that the time and expense Defendant would incur from the deposition is not

25   proportional to the needs of the case. Accordingly, the Court will prohibit a Rule 30(b)(6)

26   deposition of Parker House.

27
     _____

28   [2] Under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), a party must obtain leave to conduct a deposition
     if "the deponent has already been deposed in the case."

### 3.     Request for Sanctions

At the hearing, the Court took under advisement Defendant's request for sanctions. Defendant argues that an award of $4,275.00 is appropriate, given that counsel expended around 9.5 hours in connection with the motion for protective order and his reasonable rate is $450 per hour. (ECF No. 60-1, p. 7). Plaintiff does not offer any argument in opposition to the hours or hourly rate claimed, nor has Plaintiff argued that Plaintiff's position was substantially justified or that other circumstances make an award of expenses unjust. (*See* ECF No. 62).

In reviewing the parties' arguments and briefing, the Court concludes that Defendant's success on its motion warrants an award of three hours of work at the rate of $450 per hour for a total of $1350. The Court reduces the amount sought because the briefing in this case and the length of the hearing was greatly increased by Defendant's failure to file a Joint Statement re Discovery Disagreement as required by Local Rule 251(c). *See* LR 251(c) ("If the moving party is still dissatisfied after the conference of counsel, that party shall draft and file a document entitled 'Joint Statement re Discovery Disagreement.'").  Additionally, the Court is not granting the motion for protective order in full.

Based on the foregoing, IT IS ORDERED as follows:

1. Defendant's motion for protective order and request for expenses (ECF No. 60) is granted, in part, to the extent that Plaintiff is prohibited from deposing Alisa Jones and a Rule 30(b)(6) designee for Parker House and that sanctions in the amount of $1350 will be ordered; and

2. Plaintiff and his counsel are jointly and severally required to pay $1350 in sanctions to Defendant within 30 days of the date of this order.

IT IS SO ORDERED.

Dated:   __December 6, 2021__                    /s/ *Erica P. Grosjean*

                                              UNITED STATES MAGISTRATE JUDGE